[Crim. No. 1302. First Appellate District, Division One.—November 9, 1925.]

In the Matter of the Application of M. B. MULLIN for a Writ of Habeas Corpus on Behalf of ARTHUR S. LAWRENCE.

[1] Criminal Law—Burglary—Assault to Commit Rape—Felony—Pleading—Judgment—Imprisonment.—Where an information contains two counts, one charging the defendant with unlawfully and feloniously and burglariously entering a certain inhabited dwelling with intent then and there to commit a felony, to wit, rape, and the other charging the defendant, as part of the same transaction, with wilfully, unlawfully, feloniously and violently making an assault upon a female person, not then and there his wife, with intent then and there feloniously and by force and violence to carnally know and ravish said female and accomplish with her an act of sexual intercourse against her will and without her consent, and the defendant is found guilty under the first count and not guilty upon the second, there is no merit in the contention that he was not found guilty of having committed a felony, and he is properly sentenced to imprisonment at the state prison under an indeterminate sentence.

---

(1) 9 C. J., p. 1009, n. 10, p. 1031, n. 98 New, p. 1032, n. 4, p. 1092, n. 71; 16 C. J., p. 1375, n. 15.

1. See 4 Cal. Jur. 721.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from the state prison. Writ denied.

The facts are stated in the opinion of the court.

L. W. Lovey and Walter E. Dorn for Petitioner.

TYLER, P. J.—Application for writ of *habeas corpus.*

It appears therefrom that petitioner is confined in the state prison at San Quentin. It is claimed that his imprisonment is unlawful.

[1] On the fifteenth day of April, 1922, an information was filed against petitioner by the district attorney of Riverside County.

It contained two counts. The first charged a felony, committed as follows: That said Arthur S. Lawrence on or about the ninth day of April, 1922, at the county of Riverside, unlawfully and feloniously and burglariously entered a certain inhabited dwelling with intent then and there to commit a felony, to wit, rape.

The second count alleged that defendant, and as part of the same transaction, did wilfully, unlawfully, feloniously and violently make an assault upon one E. A. Rowe, a female person, not then and there the wife of the said Arthur S. Lawrence, with the intent then and there feloniously and by force and violence to carnally know and ravish the said E. A. Rowe and accomplish with her an act of sexual intercourse against her will and without her consent.

Defendant was tried upon such charge and on the thirtieth day of June, 1922, and after hearing, was found guilty under the first count and not guilty upon the second. Thereafter he was sentenced to imprisonment at the state prison at San Quentin under an indeterminate sentence which was thereafter fixed by the prison board at seven years. It is here claimed that said sentence and imprisonment is illegal and void and without any effect for the reason that petitioner was found not guilty of having committed a felony.

But defendant was found guilty under the first count of the information of having committed this crime.

The entry of a house with intent to commit a felony constitutes burglary, which is itself a felony.

There is therefore no merit in petitioner's contention. The writ is denied.

Knight, J., and Cashin, J., concurred.